# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| KATHRYN L. PRY, <br> In Her Capacity as Chapter 7 Trustee of <br> the Bankruptcy Estate of Elizabeth Harac, and <br><br> ELIZABETH HARAC, <br> Bankruptcy Debtor <br><br> Plaintiffs, <br><br> v. <br><br> NORTON HOSPITALS, INC. <br> d/b/a NORTON HOSPITAL, <br><br> JORGE L. RODRIGUEZ, M.D., <br><br> UNIVERSITY SURGICAL ASSOCIATES, P.S.C., and <br><br> UNIVERSITY OF LOUISVILLE PHYSICIANS, INC., <br><br> Defendants. | 3:17-cv-777-DJH <br><br><br><br><br> Misc. Pro. No. _____ |

## NOTICE OF REMOVAL

Comes now Elizabeth Harac (the "Debtor"), by Counsel, and gives notice of removal of the case (the "Suit") heretofore pending in the Jefferson (Ky.) Circuit Court (the "State Court") under the case number 14-CI-6247 and the caption *Kathryn L. Pry and Elizabeth Harac v. Norton Hospitals, Inc., Jorge L. Rodriguez, M.D., University Surgical Associates, P.S.C., and University of Louisville Physicians, Inc.*, and states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and the general order of reference issued by the United States District Court for the

Western District of Kentucky.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1452(a).

3. This matter, as described and delimited more specifically below, constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (C). The Debtor consents to entry of final orders by the Court. However, under the circumstances, the Debtor believes that the United States Bankruptcy Court for the Southern District of Indiana at New Albany (the "Indiana Bankruptcy Court") is the more appropriate Court to rule on the relief the Debtor seeks by the removal of this case and the initiation of these federal proceedings.

4. The statutory prerequisite to this action is 28 U.S.C. § 1452. This action is removed pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure.

## Background

5. As described more specifically in the *Second Amended Complaint* attached hereto as **Exhibit A**, on or about December 20, 2013, and thereafter, the Debtor obtained medical treatment and related services from the Defendants, which the Debtor maintains were provided negligently and which injured the Debtor, resulting in, *inter alia*, a compromised mental capacity.

6. On September 30, 2014, the Debtor and her husband, Ian R. Harac ("Mr. Harac"), filed in the Indiana Bankruptcy Court their petition for relief under chapter 7 of the Bankruptcy Code, initiating case number 14-919760-BHL-7A (the "Chapter 7 Case"), the docket report of which is attached hereto as **Exhibit B**.

7. Due to extenuating circumstances including her compromised mental capacity and her representation by an incompetent attorney who has subsequently lost his license to practice law pursuant to a disciplinary order of the Indiana Supreme Court, the Debtor failed

to disclose her cause of action against the Defendants in her bankruptcy schedules and in response to questioning by Kathryn L. Pry (the "Trustee"), the chapter 7 trustee assigned to her case.

8. On December 5, 2014, the Debtor and Mr. Harac (who subsequently voluntarily dismissed his claims) filed the Suit in the State Court, the docket report for which is attached hereto as **Exhibit C**.

9. On August 1, 2017, with the leave of the State Court, the Trustee was added to the Suit as a co-plaintiff by the filing of the *Second Amended Complaint*.

10. On July 31, 2017, the State Court issued its *Opinion and Order*, attached hereto as **Exhibit D**, by which the State Court entered partial summary judgment in favor of Defendant Norton Hospitals, Inc.

11. On August 8, 2017, the State Court handed down its *Opinion and Order*, attached hereto as **Exhibit E** (collectively with the State Court's aforementioned order of July 31, 2017, the "Summary Judgment Orders"), by which the State Court entered partial summary judgment in favor of Defendants Jorge L. Rodriguez, M.D., and University Surgical Associates, P.S.C.

12. By the Summary Judgment Orders, the State Court ordered that "the [Debtor] be judicially estopped and the trustee be substituted as the proper party with any funds in excess of that required to pay [the Debtor's] creditors being refunded to the Defendant." *See* each of the Summary Judgment Orders at 3–4.

13. The value of the Suit, and the likely recovery from the Defendants if the State Court had not entered the Summary Judgment Orders, vastly exceeds the amount necessary for the Trustee to pay all filed claims and her administrative expenses, such that there likely

would be a substantial residue payable to the Debtor but for her failure to disclose the action as an asset in her Chapter 7 Case.

### Summary of Entitlement to and Purpose of Removal

13. The Summary Judgment Orders consist of a ruling on a question of law—i.e. the application of judicial estoppel, or, stated more broadly, the appropriate consequences, if any, of the Debtor's failure to disclose her cause of action against the Defendants—over which the Indiana Bankruptcy Court has exclusive jurisdiction pursuant to the binding case law of the Seventh Circuit. *See Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 360 (7th Cir. 2015) (holding that "[w]hether [a debtor] tried to hide the claim in a bankruptcy is a question more appropriately addressed to the bankruptcy judge, who can decide (if the Trustee prevails in this tort suit) what disposition to make of any proceeds that remain after paying counsel and the creditors").

14. Accordingly, the Debtor, on her own behalf removes the Suit, with the intention of proceeding as follows:

a. Immediately hereafter, the Debtor will move this Court to transfer this matter to the Indiana Bankruptcy Court pursuant to 28 U.S.C. § 1412 and Rule 7087 of the Federal Rules of Bankruptcy Procedure.

b. Upon consummation of such transfer, the Debtor will move the Indiana Bankruptcy Court for a declaratory judgment providing that (i) the Indiana Bankruptcy Court has exclusive jurisdiction over the federal question of whether and to what extent the Debtor should be sanctioned for her failure to disclose her claim against the Defendants, and (ii) the wide range of remedies the Indiana Bankruptcy Court may craft to redress the Debtor's failure to disclose does not include a cap on damages such as that imposed by the Summary Judgment Orders.

    c. After ruling on the aforementioned questions of federal law, the Indiana Bankruptcy Court should remand the case to the State Court for the vacation of the Summary Judgment Orders and the conclusion of the State Court proceedings.

    d. Upon the disposition of the Suit, parties-in-interest will be free to petition the Indiana Bankruptcy Court to sanction the Debtor, at which time the Indiana Bankruptcy Court can take up the questions of the appropriateness of such sanctions and the proposed remedies pursuant thereto.

WHEREFORE, the Debtor requests that this matter proceed in this Court as an action properly removed, and for all other appropriate relief.

        Respectfully submitted,

        */s/ William P. Harbison*
        WILLIAM P. HARBISON
        SEILLER WATERMAN LLC
        Meidinger Tower – 22nd Floor
        462 S. Fourth Street
        Louisville, Kentucky 40202
        Telephone: (502) 584-7400
        Facsimile: (502) 583-2100
        E-mail: harbison@derbycitylaw.com
        *Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2017, I served a copy of this *Notice of Removal* via first-class U.S. Mail upon the following:

| | | |
|---|---|---|
| Kathryn L. Pry, Trustee<br>P.O. Box 6771<br>New Albany, IN  47151 | Highest Ranking Officer<br>Norton Hospitals, Inc.<br>P.O. Box 35070<br>Louisville, KY  40232 | Joseph M. Effinger<br>PHILLIPS PARKER<br>716 West Main St. #300<br>Louisville, KY 40202<br>*Counsel for Norton<br>   Hospitals, Inc.* |
| Jorge L. Rodriguez, M.D.<br>401 East Chestnut St. #710<br>Louisville, KY  40202 | University Surgical Associates, P.S.C.<br>401 E. Chestnut St. #710<br>Louisville, KY  40202 | |

Beth H. McMasters
730 W. Main St. #500
Louisville, KY  40202
*Counsel for Jorge L. Rodriguez, M.D. and
   University Surgical Associates, P.S.C.*

                                                  */s/ William P. Harbison*
                                                  WILLIAM P. HARBISON