NO. 14-CI-006247  JEFFERSON CIRCUIT COURT
DIVISION TWO (2)
HON. JAMES M. SHAKE

KATHRYN L. PRY, as Trustee
for the Bankruptcy Estate of Elizabeth Harac, and
ELIZABETH HARAC, Individually
                                                                                                   PLAINTIFFS

v.

## SECOND AMENDED COMPLAINT

*[Electronically Filed]*

NORTON HOSPITALS, INC. d/b/a NORTON HOSPITAL
JORGE L. RODRIGUEZ, M.D.;
UNIVERSITY SURGICAL ASSOCIATES, P.S.C.; and
UNIVERSITY OF LOUISVILLE PHYSICIANS, INC.
                                                                                                    DEFENDANTS

\* \* \* \* \*

Come the Plaintiffs, Kathryn L. Pry, as Trustee for the Bankruptcy Estate of Elizabeth Harac and Elizabeth Harac, Individually, by counsel, and for their Complaint herein against the Defendants, Norton Hospitals, Inc. d/b/a Norton Hospital, Jorge L. Rodriguez, M.D., University Surgical Associates, P.S.C., and University of Louisville Physicians, Inc., (hereinafter "Defendants"), state as follows:

1.    Plaintiffs hereby restate and incorporate all allegations contained in the Original and First Amended Complaints, with the exception that Ian Harac does not have any interest or right in this action.[1]

2.    Plaintiff, Kathryn L. Pry, is an attorney licensed in Indiana and her office address is P.O. Box 6771, New Albany, Indiana 47151.

---

[1] Ian Harac's claims were *voluntarily* dismissed from this action, without any monetary recovery, per the Court's Order entered January 4, 2017.

3. On January 4, 2017, the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, reopened the bankruptcy case regarding the bankruptcy estate of Elizabeth Harac, the joint debtor, Case No. 14-91976-BHL-7. *See* Order attached hereto as **Exhibit 1**.

4. On January 4, 2017, Plaintiff, Kathryn L. Pry, was reappointed Trustee of the bankruptcy estate of Elizabeth Harac, by the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division. Plaintiff, Kathryn L. Pry, as the bankruptcy estate's Trustee, reported this action involving medical malpractice as an asset subject to distribution to the creditors. *See* Order attached hereto as **Exhibit 1**, and Trustee's Report of Possible Asset, attached hereto as **Exhibit 2**.

5. On January 26, 2017, the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, entered an order authorizing the Plaintiff, Kathryn L. Pry, as the bankruptcy estate's Trustee, to hire Ronald M. Wilt of the undersigned law firm as special counsel to pursue this subject action on behalf of the bankruptcy estate. *See* Order attached hereto as **Exhibit 3**.

6. Plaintiff, Elizabeth Harac, currently resides at 513 Parkway Drive, Irvington, Kentucky 40146.

7. Defendant, Norton Hospitals, Inc. d/b/a Norton Hospital, is and was at all times stated herein a corporation organized and existing under the laws of the Commonwealth of Kentucky, its principal place of business is P.O. Box 35070, Louisville, Kentucky 40232 and its registered agent for service of process is Robert B. Azar, 4967 US Highway 42, Suite 101, Louisville, Kentucky 40222-6363.

- 2 -

8. Norton Hospital, assumed name of Norton Hospitals, Inc., is a healthcare facility located in Jefferson County, Kentucky, and its address is 200 East Chestnut Street, Louisville, Kentucky 40202.

9. Upon information and belief, at all times mentioned herein, the Defendant, Jorge L. Rodriguez, M.D., was and is a resident subject to the laws of the Commonwealth of Kentucky. Defendant, Jorge L. Rodriguez's office address was at all times mentioned herein 401 East Chestnut Street, Suite 710, Louisville Kentucky, 40202.

10. At all times mentioned herein, the Defendant, Jorge L. Rodriguez, M.D., was and is a practicing physician licensed under the laws of the Commonwealth of Kentucky and holds himself out to the public as a specialist in bariatrics and general surgery.

11. Defendant, University Surgical Associates, P.S.C., is and was at all times stated herein a corporation organized and existing under the laws of the Commonwealth of Kentucky, its principal place of business is 401 East Chestnut Street, Suite 710, Louisville, Kentucky 40202, and its registered agent for service of process is Timothy D. Crockett, CEO, U of L Healthcare Outpatient Center, 401 East Chestnut Street, Suite 710, Louisville, Kentucky 40202.

12. Defendant, University of Louisville Physicians, Inc. is and was at all times stated herein a corporation organized and existing under the laws of the Commonwealth of Kentucky, its principal place of business is 300 East Market Street, Suite 400, Louisville, Kentucky 40202, and its registered agent for service of process is S & H Louisville, LLC, 400 W. Market Street, Suite 1800, Louisville, Kentucky 40202-3352.

13. Defendant, Jorge L. Rodriguez, M.D. was the agent, servant, and/or employee and/or the ostensible agent and/or employee of Norton Hospitals, Inc. d/b/a Norton Hospital. Therefore, the negligence of the Defendant, Jorge L. Rodriguez, M.D., is imputed to Norton

Hospitals, Inc. d/b/a Norton Hospital.

14. Defendant, Jorge L. Rodriguez, M.D., was the agent, servant, and/or employee and/or the ostensible agent and/or employee of Defendant, University Surgical Associates, P.S.C. Therefore, the negligence of the Defendant, Jorge L. Rodriguez, M.D., is imputed to University Surgical Associates, P.S.C.

15. Defendant, Jorge L. Rodriguez, M.D. was the agent, servant, and/or employee and/or the ostensible agent and/or employee of University of Louisville Physicians, Inc. Therefore, the negligence of the Defendant, Jorge L. Rodriguez, M.D., is imputed to University of Louisville Physicians, Inc.

16. Defendant, Norton Hospitals, Inc. d/b/a Norton Hospital owned, operated, managed, maintained, and/or otherwise held an interest in and/or exercised control over University Surgical Associates, P.S.C. such that Norton Hospitals, Inc. d/b/a Norton Hospital should be held liable for any judgment entered against the Defendant, University Surgical Associates, P.S.C.

17. Defendant, Norton Hospitals, Inc. d/b/a Norton Hospital dominates the entity Defendant, University Surgical Associates, P.S.C., resulting in a loss of corporate separateness, and continued recognition of the entity Defendant, University Surgical Associates, P.S.C., would sanction fraud and/or promote injustice such that Norton Hospitals, Inc. d/b/a Norton Hospital should be held liable for any judgment entered against the Defendant, University Surgical Associates, P.S.C.

18. Defendant, Norton Hospitals, Inc. d/b/a Norton Hospital owned, operated, managed, maintained, and/or otherwise held an interest in and/or exercised control over University of Louisville Physicians, Inc. such that Norton Hospitals, Inc. d/b/a Norton Hospital should be held liable for any judgment entered against the Defendant, University of Louisville Physicians,

Inc.

19. Defendant, Norton Hospitals, Inc. d/b/a Norton Hospital dominates the entity Defendant, University of Louisville Physicians, Inc., resulting in a loss of corporate separateness, and continued recognition of the entity Defendant, University of Louisville Physicians, Inc., would sanction fraud and/or promote injustice such that Norton Hospitals, Inc. d/b/a Norton Hospital should be held liable for any judgment entered against the Defendant, University of Louisville Physicians, Inc.

20. The acts of negligence alleged herein against Defendants, Norton Hospitals, Inc. d/b/a Norton Hospital, Jorge L. Rodriguez, M.D., University Surgical Associates, P.S.C., and University of Louisville Physicians, Inc. occurred during their physician-patient relationship with Plaintiff, Elizabeth Harac.

21. The acts and negligence alleged herein against Defendants, Norton Hospitals, Inc. d/b/a Norton Hospital, Jorge L. Rodriguez, M.D., University Surgical Associates, P.S.C., and University of Louisville Physicians, Inc. were performed at 200 East Chestnut Street, Louisville, Kentucky 40202 in Jefferson County, Kentucky.

22. At all relevant times herein, Defendant, Norton Hospitals, Inc. d/b/a Norton Hospital, acted directly and through its actual, implied and/or apparent agents, servants and employees, including Jorge L. Rodriguez, M.D., all of whom acted within the scope of his or her employment.

23. At all relevant times herein, Defendant, University Surgical Associates, P.S.C., acted directly and through its actual, implied and/or apparent agents, servants and employees, including Jorge L. Rodriguez, M.D., all of whom acted within the scope of his or her employment.

- 5 -

24. At all relevant times herein, Defendant, University of Louisville Physicians, Inc., acted directly and through its actual, implied and/or apparent agents, servants and employees, including Jorge L. Rodriguez, M.D., all of whom acted within the scope of his or her employment.

25. On or about December 20, 2013, and thereafter, the Defendants, Norton Hospitals, Inc. d/b/a Norton Hospital, Jorge L. Rodriguez, M.D., University Surgical Associates, P.S.C., and University of Louisville Physicians, Inc. held themselves out as competent providers of medical care.

26. On or about December 20, 2013, and thereafter, Plaintiff, Elizabeth Harac, presented to the Defendants, Norton Hospitals, Inc. d/b/a Norton Hospital, Jorge L. Rodriguez, M.D., University Surgical Associates, P.S.C., and University of Louisville Physicians, Inc., for medical treatments, diagnosis and services. The Defendants did, in fact, render medical services to Plaintiff, Elizabeth Harac.

27. In rendering the medical treatments, diagnosis and services, the Defendant, Norton Hospitals, Inc. d/b/a Norton Hospital, individually, and through its agents, servants and employees, failed to exercise the degree of care and skill as would be expected of an ordinary prudent or reasonably competent hospital under like or similar circumstances, which caused Plaintiff, Elizabeth Harac, to sustain severe, painful and permanent bodily injuries.

28. In rendering the medical treatments, diagnosis and services, Defendant, Jorge L. Rodriguez, M.D., individually, and through his agents, servants and employees, failed to exercise the degree of care and skill as would be expected of an ordinary prudent or reasonably competent physician specializing in bariatrics and general surgery under like or similar circumstances, which caused Plaintiff, Elizabeth Harac, to sustain severe, painful and permanent bodily injuries.

29. In rendering the medical treatments, diagnosis and services, Defendants, Norton Hospitals, Inc. d/b/a Norton Hospital, Jorge L. Rodriguez, M.D., University Surgical Associates, P.S.C., and University of Louisville Physicians, Inc., individually, and through their agents, servants and employees, failed to exercise the degree of care and skill as would be expected of an ordinary prudent or reasonably competent healthcare provider under like or similar circumstances, which caused Plaintiff, Elizabeth Harac, to sustain severe, painful and permanent bodily injuries.

30. At some point after December 20, 2013, Plaintiff, Elizabeth Harac, first discovered that she had suffered severe, painful and permanent bodily injuries and complications as a result of the negligence of the Defendants.

31. As a direct and proximate result of the negligence of the Defendants described above, Plaintiff, Elizabeth Harac, sustained severe physical, mental, and emotional pain and suffering and in the future will incur severe physical, mental, and emotional pain and suffering.

32. As a direct and proximate result of the negligence of the Defendants described above, Plaintiff, Elizabeth Harac, has lost wages and her power to labor and earn money has been impaired.

33. As a direct and proximate result of the negligence of the Defendants described above, it was necessary for Plaintiff, Elizabeth Harac, to secure the services of physicians and healthcare providers and in the future she will require the services of physicians and healthcare providers. Plaintiff, Elizabeth Harac, has incurred medical costs and will incur medical costs in the future as a result of Defendants' negligence.

34. As a direct and proximate result of the negligence of the Defendants described above, Plaintiff, Elizabeth Harac, is at an increased risk for future complications.

35. The Plaintiff, Kathryn L. Pry, as Trustee for the Bankruptcy Estate of Elizabeth Harac, has a right of interest in any monetary recovery representing damages sustained by Elizabeth Harac as a direct and proximate result of the negligence of the Defendants described above.

36. The damages claimed herein are in excess of the amount necessary to establish jurisdiction in this Court.

WHEREFORE, Plaintiffs, Kathryn L. Pry, as Trustee for the Bankruptcy Estate of Elizabeth Harac, and Elizabeth Harac, Individually, pray for judgment against the Defendants, Norton Hospitals, Inc. d/b/a Norton Hospital, Jorge L. Rodriguez, M.D., University Surgical Associates, P.S.C., and University of Louisville Physicians, Inc., and each of them, both jointly and severally, as follows:

    A.    For compensatory damages which will fairly and reasonably compensate Plaintiffs in an amount in excess of the jurisdictional limits of this Court;

    B.    For Plaintiffs' costs herein expended;

    C.    For a jury trial on all issues so triable;

    D.    For pre and post judgment interest at the rate of twelve percent per annum, and;

    E.    For any and all other relief to which Plaintiffs may appear to be entitled.

- 9 -

Respectfully Submitted,

**CPW LAW, LLC**

/s/ Stephen A. Klausing, Jr.
_____

**Ronald M. Wilt**
**Stephen A. Klausing, Jr.**
**Parastoo Majd**
330 North Evergreen Road, Suite 3
Louisville, Kentucky 40243
Phone: 502-253-9110
Fax: 502-253-9114
ron@cpw-law.com
stevek@cpw-law.com
pmajd@cpw-law.com
Service Email: wiltlegal@cpw-law.com
*Counsel for Plaintiff*

# EXHIBIT 1

**SO ORDERED: January 4, 2017.**



*Basil H. Lorch III* (signature)

**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
Southern District of Indiana
121 W. Spring St., Rm. 110
New Albany, IN 47150

SF03505R (rev 08/2014)

In re:

**Ian R Harac**,
**Elizabeth A Harac**,
      Debtors.

Case No. **14–91976–BHL–7**

## ORDER ON MOTION TO REOPEN BANKRUPTCY CASE AND NOTICE OF REAPPOINTMENT OF TRUSTEE

A Motion to Reopen Bankruptcy Case was filed on January 3, 2017, by Trustee Kathryn L. Pry. The Court, after reviewing this case, finds that, pursuant to Fed.R.Bankr.P. 5010, the appointment of a trustee is necessary.

**IT IS ORDERED** that the Motion to Reopen Bankruptcy Case is **GRANTED** and that this case is reopened.

**NOTICE IS GIVEN** that pursuant to instructions from the U.S. Trustee, the most recently serving trustee in this case is reappointed under the trustee's standing bond. Pursuant to Fed.R.Bankr.P. 2008, the trustee will be deemed to have accepted this office unless the trustee notifies the Court and the U.S. Trustee of rejection of the office within **7 days** after receipt of this notice.

###

Filed 14-CI-006247 08/01/2017 David L. Nicholson, Jefferson Circuit Clerk

# EXHIBIT 2

323A8EF2-EB6B-4ADF-A5F2-95B58F6BE093 : 000012 of 000016

AMC : 000012 of 000016

Filed 14-CI-006247 08/01/2017 David L. Nicholson, Jefferson Circuit Clerk

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

IN RE:     Harac, Ian R           )
                                  )
           Harac, Elizabeth A     )      NO. 14-91976
                                  )
                                  )

**TRUSTEE'S REPORT OF POSSIBLE ASSET**

Kathryn L. Pry, Trustee, hereby notifies the Court that there is a possible previously undisclosed asset in this case, administration of which may result in a dividend to creditors. The Clerk is requested to issue a Notice of Last Day to File Claims pursuant to Bankruptcy Rule 3002(c)(5).

A complete inventory of the property of the Debtor is listed on the attached Form I and made a part hereof.

All other property listed on the attached Form I has previously been abandoned **EXCEPT**:

   Asset # 5        (Undisclosed pre petition medical malpractice)

A report of depository is as follows:   NONE

DATED:   January 4, 2017

/s/ Kathryn L. Pry, Trustee
P.O. Box 6771
New Albany, IN 47150
812-944-2646
kpry.trustee@att.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 4, 2017, a copy of the foregoing Report was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case filing System. Parties may access this filing through the Court's system:

Bruce J. Goldberg, 623 E. Spring Street, New Albany, IN 47150
United States Trustee, 101 West Ohio Street, Suite 1000, Indianapolis, IN 46204

/s/ Kathryn L. Pry, Trustee

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 14-91976 BHL  
**Case Name:** Harac, Ian R  
Harac, Elizabeth A  
**Period Ending:** 01/04/17

**Trustee:** (340300)   Kathryn L. Pry  
**Filed (f) or Converted (c):** 09/30/14 (f)  
**§341(a) Meeting Date:** 11/05/14  
**Claims Bar Date:**

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA=§554(a) abandon. | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 1  620 ROSEVIEW TERRACE CO, NA MOTHER 2 BA 4 BR, UN   Imported from original petition Doc# 1 | 122,000.00 | 28,270.00 | | 0.00 | FA |
| 2  CX-PNC   Imported from original petition Doc# 1 | 400.00 | 400.00 | | 0.00 | FA |
| 3  HHG   Imported from original petition Doc# 1 | 1,500.00 | 0.00 | | 0.00 | 1,500.00 |
| 4  04 honda civic   Imported from original petition Doc# 1 | 2,000.00 | 0.00 | | 0.00 | 2,000.00 |
| 5  Undisclosed pre petition medical malpractice | 0.00 | 10,000.00 | | 0.00 | 10,000.00 |
| **5 Assets  Totals** (Excluding unknown values) | **$125,900.00** | **$38,670.00** | | **$0.00** | **$13,500.00** |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):**    **Current Projected Date Of Final Report (TFR):**

_____January 4, 2017_____   /s/ Kathryn L. Pry  
Date                                                                                    _____  
                                                                                              Kathryn L. Pry

Filed   14-CI-006247   08/01/2017   David L. Nicholson, Jefferson Circuit Clerk

Printed: 01/04/2017 10:49 PM   V.13.28

# EXHIBIT 3

**SO ORDERED: January 26, 2017.**



**Basil H. Lorch III
United States Bankruptcy Judge**

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

IN RE:   Harac, Ian R   )
         )
         Harac, Elizabeth A   )   NO. 14-91976
         )
         )

### ORDER AUTHORIZING SPECIAL COUNSEL

This matter having come before this Court on the Application of the Trustee to employ special counsel in this case. This Court having reviewed the application, and being sufficiently advised in the premises, does hereby GRANT the Motion.

IT IS HEREBY ORDERED AND ADJUDGED that the Trustee is authorized to hire Ronald M. Wilt, Esq., Crandall, Pera & Wilt, 330 North Evergreen Road, Suite 1, Louisville, KY 40243 to pursue the potential medical malpractice claim on a contingency fee basis of 33 percent (33 1/3%) contingency fee prior to filing suit, or a 40% contingency fee basis if a lawsuit is filed, plus any applicable expenses. Fees and expenses are to be approved by separate application.

###